## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD BOWLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-03080-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Donald Bowling's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of obesity, Crohn's disease, and degenerative joint disease of the left knee, but retained the residual functional capacity ("RFC") to work as a mailroom clerk and a marker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on September 25, 2012, alleging a disability onset date of September 21, 2012. The Commissioner denied the applications at the initial claim level, and

Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on September 24, 2013, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 19, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue,* 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner,* 646 F.3d at 556.

**Discussion**

Plaintiff argues the ALJ erred by: (1) failing to properly develop the record with respect to his RFC; (2) failing to provide an appropriate narrative explaining his RFC determination; and (3) improperly evaluating his credibility. These arguments are without merit.

**I.     The ALJ did not err in determining Plaintiff's RFC.**

Plaintiff contends the ALJ did not properly develop the record before determining his RFC. Although the record contains medical evidence generally, Plaintiff argues the record was insufficient to assess his RFC because it did not contain an *opinion* from a medical source regarding his functional limitations. Pl.'s Br. (Doc. 9) at 8-12.

This argument is based on the faulty assumption that an ALJ must have a medical opinion to assess the claimant's RFC, and that absent a medical opinion any RFC determination is invalid. If accepted, this argument would shift the burden of proving RFC from the claimant to the Commission. But it is the claimant's burden to prove his RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000) ("The parties engage in a lengthy dispute over whether RFC is properly evaluated at step four or step five, and over who bears the burden of demonstrating RFC. We reiterate that FRC is determined at step four, where the burden of proof rests with the claimant."). While the ALJ has some duty to develop the record, the ALJ is not require to obtain additional evidence where, as here, the record is already well-developed, even in the absence of a medical opinion. *See Tellez v. Barnhart*, 403 F.3d 953, 956-57 (8th Cir. 2005); *see also Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (noting a medical opinion is not necessary to assess a claimant's RFC).

To the contrary, as the ALJ noted, in this particular case the fact that no doctor ever opined that Plaintiff has any functional limitations does not detract from a finding of no disability; it supports it. R. at 29; *see Young*, 221 F.3d at 1069 ("We find it significant that no physician who examined Young submitted a medical conclusion that she is disabled and unable to perform any type of work"). Plaintiff's RFC was based on his subjective allegations, medical history, examination findings, diagnostic imaging, response to treatment, stability of his condition, daily activities, and other evidence. R. at 25-29. This evidence was sufficient to assess his RFC. *Tellez*, 403 F.3d at 957. Since the ALJ did not need to obtain a medical opinion before determining Plaintiff's RFC and the record supports the RFC decision, there was no error here.

**II.     The ALJ's opinion sufficiently explained the RFC determination.**

Plaintiff also complains that "the ALJ failed to provide a narrative statement regarding how the evidence supports the RFC." Pl.'s Br. at 9. This argument is unavailing.

Although the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion and cite specific evidence, the ALJ need not follow each RFC limitation with a *list* of the specific evidence on which the ALJ relied. SSR 96-8p. Such a requirement is inconsistent with the standard of review which mandates the court's decision be based on "all of the relevant evidence." *Cf. McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (discussing the applicable standard of review).

In this case, the ALJ devoted four pages of his opinion to explaining why Plaintiff was capable of performing light work with the restrictions he prescribed. R. at 25-29. As part of his discussion the ALJ: made a detailed credibility finding; examined what his daily activities and work history suggested his limitations were; discussed what the medical evidence suggested his limitations were; and determined how each of Plaintiff's severe impairments affected his ability

to work—including discussing in great detail how many bathroom breaks a day Plaintiff would need if he followed his doctor's recommendation to take Imodium liberally.  R. at 25-29.  This discussion adequately explained his RFC determination, and the determination itself is supported by the record.  Thus, there was no error.

**III.    The ALJ properly analyzed Plaintiff's credibility.**

Finally, Plaintiff argues the credibility analysis is flawed because the ALJ relied too heavily on the objective medical evidence and his activities of daily living in finding he was not credible.  Pl.'s Br. at 15.

Credibility questions are "primarily for the ALJ to decide, not the courts."  *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003).  When the ALJ discounts a claimant's credibility, he must explain why he did so.  *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000).  "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination."  *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

The ALJ found Plaintiff's statements concerning the extent of his limitations were not entirely credible because they were not fully supported by the totality of the record.  This included the medical evidence, which showed Plaintiff's Crohn's disease was mild in nature and manageable, and that his left knee improved significantly following arthroscopy, as well as Plaintiff's daily activities (e.g., driving frequently, preparing light meals, shopping, and performing light chores around the house), demeanor at the hearing, ability to maintain his weight despite his diarrhea, and the fact that no doctor opined that he had any functional limitations.  R. at 26-29, 274, 324, 410, 414, 429-30, 451, 463, 500.  Granted, as the ALJ acknowledged, Plaintiff had a very good work history before he stopped working.  But the ALJ found the other credibility factors outweighed his work history, and this finding is supported by

the record.  Hence, the ALJ gave good reasons for discrediting Plaintiff's credibility.  Therefore, the Court must defer to his credibility determination.  *See Gregg*, 354 F.3d at 713.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   June 1, 2016                          /s/ Greg Kays
                                          GREG KAYS, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT